# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOHN ROBERT DEMOS,

        Plaintiff,

v.

DONALD JOHN TRUMP,

        Defendant.

Case No. 3:24-cv-00016-SLG

## ORDER OF DISMISSAL

On January 9, 2024, self-represented prisoner John Robert Demos ("Plaintiff") filed a civil complaint and a motion to proceed without prepaying the filing fee.[1] With the Complaint, Plaintiff also filed copies of court documents and correspondence related to cases in other courts.[2]

The Court takes judicial notice[3] that Plaintiff is under pre-filing bar orders in a number of courts, including both the Eastern and Western Districts of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and

---

[1] Docket 1.

[2] *See* Docket 1-1.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

the United States Supreme Court.[4] Furthermore, because Plaintiff has previously accumulated more than the three "strikes"[5] permitted by the Prison Litigation Reform Act,[6] Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed without prepaying the filing fee.[7] Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed, that the imminent danger is ongoing, and both fairly traceable to unlawful conduct alleged in the complaint and redressable by a federal court.[8]

The Court has reviewed the Complaint and finds Plaintiff has not made a specific or credible allegation of facts to show he faced imminent danger of serious physical injury when the Complaint was filed. Ordinarily, the Court would provide Plaintiff 30 days to pay the full filing fee. However, upon review, the Complaint fails to state a plausible claim upon which relief could be granted. Further, Plaintiff has not provided any reason why he believes the U.S. District Court for the District of

---

[4] *See Demos v. Barker,* Case No. C22-1706 JLR-TLF, 2022 WL 18109319, at *1 (W.D. Wash. 2022), *report and recommendation adopted as modified,* Case No. C22-1706JLR, 2023 WL 34548 (W.D. Wash. 2023).

[5] The Prison Litigation Reform Act requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A prisoner who receives more than three actions or appeals in any federal court in the United States is prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[6] *Demos v. D.C.,* Case No. 2:23-CV-00768-TL-GJL, 2023 WL 4238328, at *1 (W.D. Wash. 2023), *report and recommendation adopted sub nom. Demos v. United States,* Case No. 2:23-CV-00768-TL, 2023 WL 4235571 (W.D. Wash. 2023).

[7] 28 U.S.C. § 1915(g). *See also Andrews v. Cervantes,* 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).

[8] *Ray v. Lara*, 31 F.4th 692, 699-700 (9th Cir. 2022).

Case No. 3:24-cv-00016-SLG, *Demos v. Trump*
Order of Dismissal
Page 2 of 3
Case 3:24-cv-00016-SLG   Document 3   Filed 01/25/24   Page 2 of 3

Alaska has jurisdiction[9] over Plaintiff's allegations or could be considered a proper venue.[10] Plaintiff is currently incarcerated at the Stafford Creek Correctional Center, a Washington State Department of Corrections state prison located in Aberdeen, Washington.[11] Defendant Donald Trump's primary residence is Mar-a-Lago in Florida.[12] None of the alleged events giving rise to this action seem to have occurred in the State of Alaska. The Court finds that permitting amendment would be futile.[13]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED with prejudice.**

2. Any pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a **final judgement.**

DATED this 25th day of January, 2024.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] 28 U.S.C. §§ 1331, 1332(a).

[10] 28 U.S.C. § 1391(b).

[11] Docket 1 at 2.

[12] Docket 1 at 3.

[13] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

Case No. 3:24-cv-00016-SLG, *Demos v. Trump*
Order of Dismissal
Page 3 of 3
Case 3:24-cv-00016-SLG   Document 3   Filed 01/25/24   Page 3 of 3